DUGAN, Appellant, vs. KNAPP, Trustee; imp., Respondent.

*December 19, 1899 — January 9, 1900.*

*Assignment of part of chose in action: Assignee's right as against original debtor: Trusts and trustees: Debtor and creditor.*

1. Plaintiff held a general assignment setting over to him, out of the income of a trust estate payable in instalments, sufficient to pay his judgment against the *cestui que trust,* but not covering any specific instalment due or to become due. *Held* that, as against the plaintiff, the trustee was a mere debtor, and had a right to pay the instalments, as they became due, in one sum, and that the trustee's right to refuse to split them up was absolute and could not be questioned by courts, in the absence of equitable considerations.

Dugan vs. Knapp.

2. A debtor has a right to pay his debt *in solido*, and no notice of an assignment of a part of the debt, no matter how complete in equity as between assignor and assignee, can, without his consent, destroy this right.

APPEAL from an order of the municipal court of Racine county: D. H. FLETT, Judge. *Affirmed.*

Defendant is the trustee under the last will of Jerusha Pendleton, duly probated in Ohio in 1892. By the terms of this will certain funds were placed in the defendant's hands, to be invested and kept invested, and from the proceeds he was. to pay Charles N. and Louis R. Pendleton, her two sons, the sum of $250 each six months thereafter, and in case of the death of one without issue his share should descend to the other; but the trustee was not under obligation to pay over more than $250 each six months to the survivor. Charles N. died unmarried and without issue in 1895. In 1893 the plaintiff recovered a judgment in California against Louis R. for the sum of $422.53. In June, 1897, Louis executed and delivered to plaintiff a writing reciting the recovery of the judgment aforesaid, and his indebtedness thereon, and in which he assigned to plaintiff, out of the income bequeathed to him by his mother, " a sum sufficient to pay said last named amount, as soon as it shall accrue in the hands of *F. M. Knapp,* of the city of Racine, . . . the trustee named in said will." This instrument was presented to defendant, with a request that he provide for the payment of the sum stated out of the income of the funds in his possession. He refused to accept the instrument or to make any payments thereon, and has since paid to Louis, out of the funds in his hands, more than sufficient to pay the amount claimed by plaintiff. Thereupon he brought this action against the trustee and said Louis R. Pendleton, setting up the facts as stated, and asking that the trustee be restrained from paying over to Louis, that his claim be established as a lien upon the trust funds, that

the trustee be called upon to account for the income of the trust estate since he received notice of plaintiff's assignment, and that he be compelled to pay over to plaintiff, out of the trust funds in his possession, a sum sufficient to satisfy the plaintiff's demand.  Pendleton answered, admittg the allegations of the complaint.  The trustee demurred on the grounds that the municipal court of Racine county had no jurisdiction, that the plaintiff had an adequate remedy at law, and that the complaint failed to state facts sufficient to constitute a cause of action.  The demurrer was sustained, and plaintiff appeals.

For the appellant there was a brief by *Kearney & Thompson*, and oral argument by *W. D. Thompson*.

For the respondent there was a brief by *Cooper, Simmons, Nelson & Walker*, and oral argument by *J. B. Simmons*.

BARDEEN, J.  The court below seemed to base its decision upon the theory that the probate court in Ohio had primary control of the trust, and that the courts of this state had no jurisdiction to enforce it; relying upon *Jenkins v. Lester*, 131 Mass. 355.  Without determining that question, there is another and better reason why this action cannot be maintained.  The plaintiff's assignment is general, and sets over to him, out of the income of the trust estate, a sum sufficient to pay his judgment and interest.  It does not cover any specific instalment due or to become due.  It is simply the assignment of a part of a fund in the hands of one not bound to consent to its being split up.  The recent case of *Skobis v. Ferge*, 102 Wis. 122, passed directly upon the point here involved.  It was there said: "The debtor has a right to pay his debt *in solido*, and to refuse to be subjected to suits by several claimants; and no notice of the assignment of a part of a debt, no matter how complete in equity as between the assignor and assignee, can destroy this right of the original debtor, without his consent."  This rule is amply supported

by the authorities cited, and settles the question in this state adversely to the right of the plaintiff to sustain this suit. As against the plaintiff, the trustee is a mere debtor, and has a right to pay the instalments, as they become due, in one sum. He cannot, against his will, be compelled to split them up. His right to refuse is absolute, and cannot be questioned by the courts, in absence of considerations of equity which do not appear in this case.

*By the Court.*— The order of the municipal court of Racine county is affirmed.